IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN ANTHONY JACKSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-2887 |
| | § | |
| WARREN HIRSCH, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND OPINION

Texas state prisoner Steven Anthony Jackson has moved for habeas relief under 28 U.S.C. §2254, challenging his felony conviction for possessing a weapon. The respondent, William Stephens, Director of the Texas Department of Criminal Justice — Correctional Institutions Division, has moved for summary judgment dismissing Jackson's claims on the ground that they lack merit as a matter of law. (Docket Entry No. 9). Stephens has submitted a copy of the state court record relating to his conviction, sentence, and subsequent challenges. Based on the pleadings, the motion for summary judgment, the record, and the applicable law, this court concludes that there is no basis to grant Jackson the relief he seeks. Stephens's motion for summary judgment is granted and final judgment dismissing this case with prejudice is separately entered. The reasons are set out below.

I. **Background**

    A. **Procedural Background**

Jackson was indicted in the 230th Judicial District Court of Harris County, Texas, in Cause Number 1311026. The indictment charged Jackson with unlawfully possessing a firearm. The

indictment also included two enhancement paragraphs, one alleging a prior conviction for delivery of a controlled substance, and one alleging a prior conviction for aggravated assault with a deadly weapon.

Jackson pleaded guilty and entered a plea agreement under which the State dismissed two other charges pending against him, with no recommendation on punishment. At his rearraignment hearing, the court delivered admonishments and warnings, which Jackson stated, under oath, that he understood. Jackson and defense counsel signed written waivers and stipulations and entered his guilty plea, (SHCR at 80, 72-77).[1] The court accepted the guilty plea as voluntarily and knowingly entered. Jackson pleaded true to the enhancement paragraphs. After a presentence investigation ("PSI"), on April 10, 2012, the trial court sentenced Jackson to a 30-year prison term. (SHCR at 80, 82.)

In July 2012, Jackson filed an application for a writ of habeas corpus in the Texas state court challenging his conviction. The Texas Court of Criminal Appeals denied Jackson's application without a hearing or written order, on the findings of the trial court, on July 31, 2013. Jackson filed this federal habeas petition on September 25, 2013, the date it was placed in the prison mail. *See* Rule 3(d) of the Rules Governing Habeas Corpus Actions.

### B. Jackson's Claims

Jackson asserts the following claims for relief:

> 1. he was denied effective assistance of counsel because his trial counsel "fail[ed] to advi[s]e him during plea bargain process that he was not eligible for court ordered probation" and should not have

---

[1] "SHCR" refers to the Clerk's Record of pleadings and documents filed with the court during Jackson's state habeas corpus proceedings.

been offered probation papers to sign in the belie[f] probation would be granted"; and

2. he was denied effective assistance because trial counsel labored under a conflict of interest in advising Jackson to plead guilty.

Both claims are examined against the applicable legal standards.

## II. The Legal Standards

### A. Section 2254

Sections 2254(d)(1) and (2) of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the merits," a court disposition on substantive, rather than procedural grounds. *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000). The AEDPA provides as follows, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)
>
> > (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence.

Under § 2254(d)(1), a state-court's decision on questions of law and mixed questions of law and fact is entitled to deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law;" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor*, 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. The question is whether a state court's application of the law was objectively unreasonable. *Id.* at 1495; *Penry v. Johnson*, 215 F.3d 504, 508 (5th Cir. 2000). A state court's factual finding is "presumed to be correct . . . and [receives] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill*, 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1)'s mandate that a state court's factual findings are "presumed to be correct" overrides the ordinary rule that, in a summary

judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the habeas petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence," the state court's findings of fact must be accepted as correct. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

Jackson is a *pro se* petitioner. A *pro se* habeas petition is construed liberally and is not held to the same stringent and rigorous standards as pleadings filed by lawyers. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court broadly interprets Jackson's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

**B.      Ineffective Assistance of Counsel**

When a defendant seeks relief under § 2254 by claiming that his guilty plea was not knowingly and voluntarily entered because he did not receive effective assistance of counsel, the issue is whether counsel's performance interfered with the defendant's ability to understand the nature of the charges against him and the consequences of his plea. Once a guilty plea has been entered, nonjurisdictional defects in the proceedings are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.), *cert. denied sub nom. Smith v. McKaskle*, 466 U.S. 906 (1984).

A federal court upholds a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 474 U.S. 838 (1985). A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of

the charges against him that his plea cannot stand as an admission of guilt. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 503 U.S. 988 (1992). If the record shows that the defendant "understood the charge and its consequences," the court will uphold a guilty plea as voluntary even if the trial judge failed to explain the offense. *Davis v. Butler*, 825 F.2d 892, 893 (5th Cir. 1987).

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court held that the test for ineffective assistance of counsel set out in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to guilty pleas. To establish an ineffective assistance of counsel claim, a habeas petitioner must show that his counsel's performance was deficient and that actual prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 68 (1984). Counsel's performance is measured by an objective standard of reasonableness, *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999), and the scrutiny is "highly deferential." *Strickland*, 466 U.S. at 689. "[C]ounsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690-91; *see also United States v. Jones*, 287 F.3d 325, 331 (5th Cir.) ("Informed strategic decisions of counsel are given a heavy measure of deference and should not be second guessed."), *cert. denied*, 537 U.S. 1018 (2002); *Lockett v. Anderson*, 230 F.3d 695, 714 (5th Cir. 2000) (*Strickland* requires deference to counsel's "informed strategic choices"). "So long as counsel made an adequate investigation, any strategic decisions made as a result of that investigation fall within the wide range of objectively

reasonable professional assistance." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (internal quotation marks and citation omitted).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Jones*, 287 F.3d at 331. To overcome the deference given to informed strategic decisions, a petitioner must show that his counsel "blundered through trial, attempted to put on an unsupported defense, abandoned a trial tactic, failed to pursue a reasonable alternative course, or surrendered his client." *Id.*; *see also Moore v. Johnson*, 194 F.3d 586, 615 (5th Cir. 1999) ("*Strickland* does not require deference to those decisions of counsel that, viewed in light of the facts known at the time of the purported decision, do not serve any conceivable strategic purpose.").

### III. The Record

The record shows that Jackson signed a form entitled "Admonishments" on February 13, 2012. By signing and initialing this form, Jackson indicated that he understood the punishment range he faced as a habitual offender — "imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years." (SHCR at 73.) In addition to the "Admonishments" document, Jackson signed a form entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." By this signature, Jackson acknowledged his rights, his waivers of those rights, the voluntariness of his plea, and his confession. (SHCR at 71-72, 75-77.) These documents, executed in open court and under oath, are entitled to a presumption of regularity under 28 U.S.C. § 2254(e) and to great

evidentiary weight. Jackson has not met his burden of rebutting these presumptions. 28 U.S.C. §2254(e)(1).

Jackson contends that his plea was involuntary. The state habeas court reviewed the record, including trial counsel's affidavit, and found as follows:

> . . . the affidavit of Humberto R. Trejo [defense counsel] is credible and the facts asserted therein [are] true.

> . . . based on the clerk's records [Jackson] was initially charged with three felony offenses [aggravated assault, possession of a controlled substance, and felon in possession of a firearm].

> . . . the State alleged two enhancement paragraphs in [Jackson]'s aggravated assault charge in cause number 1314617. Therefore, [Jackson] was facing possibly up to a twenty-five year minimum sentence and a maximum of ninety-nine years or life in prison.

> . . . the State alleged two enhancement paragraphs in [Jackson]'s possession of a controlled substance charge in cause number 13311025. Therefore, [Jackson]'s range of punishment could have been no less than two years and no more than twenty years.

> The Court finds based on the clerk's record that [Jackson]'s second degree felony offense of aggravated assault in cause number 1314617 was dismissed because of [Jackson]'s plea in the primary case.

> The Court finds based on the clerk's record that [Jackson]'s state jail felony offense of possession of a controlled substance was dismissed because of [Jackson]'s plea in the primary case.

> The Court finds based on the credible affidavit of [trial counsel] that [trial counsel] conducted a reasonable investigation into [Jackson]'s defense. Specifically, the Court finds that [trial counsel] hired an investigator on or about December 2011, who attempted to contact witnesses that [Jackson] provided.

> The Court finds based on the credible affidavit of [trial counsel] that [Jackson] admitted to the police during their

> investigation and to [trial counsel] during a conversation that [Jackson] had handled the firearm. Therefore, having the firearm tested for fingerprints would not have been beneficial to [Jackson]'s defense.
>
> The Court finds based on the credible affidavit of [trial counsel] that [trial counsel] did not promise [Jackson] that he would receive a community supervision sentence if he pled guilty.
>
> The Court finds based on the credible affidavit of [trial counsel] that [trial counsel] did not coerce or threaten [Jackson] that [Jackson] would receive a sentence of fifty years if he chose to go to trial.
>
> The Court finds based on the credible affidavit of [trial counsel] that [trial counsel] discussed [Jackson]'s options with respect to his case. Specifically, the Court finds that [trial counsel] informed [Jackson] of his right to a jury trial and how a trial would proceed and what evidence possibly would be admitted or presented.
>
> The Court finds based on the credible affidavit of [trial counsel] and the clerk's record that the State's case against [Jackson] was strong.
>
> The Court finds based on the credible affidavit of [trial counsel] and the clerk's records that [Jackson] has not proven that but for counsel's alleged deficient conduct that he would have insisted on going to trial as opposed to pleading guilty without an agreed recommendation.

SHCR at 55-58 (Findings of Fact).

The state habeas court further concluded that:

> [Jackson] fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for trial counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.
>
> The totality of the representation afforded [Jackson] was sufficient to protect his right to reasonably effective assistance of counsel in the primary case.

> [Jackson] fails to show that his guilty plea was unlawfully induced, made involuntarily, or made without an understanding of the nature of the charge against him and the consequences of his plea.

(SHCR at 58.)

The Texas Court of Criminal Appeal denied Jackson's state habeas application by adopting the state habeas court's findings, including the finding that, "based on the credible affidavit of [trial counsel] and the clerk's record that [Jackson]'s plea was voluntary." (SHCR at 58.) The state habeas court also concluded that Jackson had ". . . fail[ed] to overcome the presumption that his guilty plea was knowingly and voluntarily made [citation omitted]," and ". . . fail[ed] to overcome the presumption of regularity concerning a guilty plea. [citation omitted]." (SHCR at 4 (Conclusions of Law Nos. 4, 5)). The record shows that Jackson has failed to overcome the state court's factual determinations or to demonstrate that the state court's decision was contrary to or involved the unreasonable application of federal law. 28 U.S.C. §§ 2254(e), (d).

In the second ground asserted in his federal habeas motion, Jackson asserts a "conflict of interest" and describes his trial counsel's allegedly erroneous advice to waive a jury trial and statement that Jackson was eligible for a probated sentence. Jackson's assertion that his trial counsel had a conflict of interest that made his representation ineffective does not present a basis for relief on this record and under the applicable law. A defendant's claim that his counsel had a conflict of interest can arise when counsel represents multiple defendants, in which case the defendant must show that an actual conflict of interest adversely affected his lawyer's performance, and when other types of conflicts impinge on counsel's loyalty to his client, in which case the defendant must demonstrate prejudice. *See Beets v. Scott*, 65 F.3d 1258, 1265 (5th Cir. 1995). An "actual conflict" requires evidence showing that counsel was "compelled to compromise his or her duty of loyalty or

zealous advocacy." *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). An "adverse effect" requires evidence "that some plausible alternative defense strategy or tactic could have been pursued, but was not because of the actual conflict." *Id.*

Jackson does not allege or present facts showing that his trial counsel represented another client with competing or divergent interests. Nor does Jackson allege or present facts that could show an actual conflict of interest that compelled his trial counsel to compromise his duty of loyalty or zealous advocacy, or that his counsel failed to pursue any specific course of action or trial strategy that could have been pursued due to a conflict. Jackson has not shown a conflict of interest that made the representation he received ineffective. He has not shown any basis to reject the state-court determination that his trial counsel provided constitutionally sufficient representation and that the challenged aspects of counsel's performance did not affect the outcome. Jackson fails to demonstrate that, but for counsel's alleged errors, "he would not have pleaded guilty and would have insisted on going to trial." The record shows that had Jackson proceeded to trial, he would have faced three felony offenses, with the possibility of receiving one sentence of two to twenty years in prison and two sentences of between a 25-year minimum and a maximum of 99 years to life.

Accordingly, this court grants Stephens's motion for summary judgment and denies Jackson's motion for relief under § 2254.

## IV.    Conclusion

Stephens's motion for summary judgment, (Docket Entry No. 9), is granted. Jackson's petition for a writ of habeas corpus is denied. This case is dismissed, with prejudice. Any remaining pending motions are denied as moot.

To obtain a certificate of appealability, Jackson must make "a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El*, 123 S. Ct. at 1039; *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). To make such a showing, he must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 123 S. Ct. at 1039 (quoting *Slack*, 529 U.S. at 484). Jackson has not made the necessary showing. Accordingly, a certificate of appealability will not issue.

SIGNED on July 28, 2014, at Houston, Texas.

                                                Lee H. Rosenthal
                                           United States District Judge